IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 16-12-BLG-SPW |
| Plaintiff, | |
| vs. | ORDER |
| EDWARD LEE DONNES, | |
| Defendant. | |

Defendant Donnes moves the Court for compassionate release under 18 U.S.C. § 3582(c)(1)(A). He is currently serving a 121-month sentence for a federal drug offense. *See* Judgment (Doc. 150). His projected release date is August 9, 2024. *See* Inmate Locator, www.bop.gov/inmateloc (accessed Sept. 17, 2021).

After considering the sentencing factors in 18 U.S.C. § 3553(a), the Court may reduce a sentence if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The statute provides that any sentence reduction must be consistent with the "applicable" policy statement in the Sentencing Guidelines. *See* 28 U.S.C. § 994(a)(2)(C), (t); U.S.S.G. § 1B1.13(3) (Nov. 1, 2018). But the guideline has not been revised since Congress amended § 3582(c)(1) to allow defendants, not just the Director of the Bureau of Prisons, to

1

move for sentence reductions. The Ninth Circuit, along with several others, now holds that U.S.S.G. § 1B1.13 applies only to motions for release filed by the Director. *See, e.g., United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam).

Pertinent factors under § 3553(a) include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(1), (2). The Court may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants and provide restitution to victims. *See id.* § 3553(a)(4), (6)–(7).

### A. Reason for Release

Donnes is 59 years old and is currently serving his prison sentence on home confinement at his sister's house in Billings. He has several serious medical conditions, including cirrhosis, hepatic encephalopathy, and hepatitis C; hypertension, hyperlipidemia, and congestive heart failure; spinal stenosis; and insulin-dependent diabetes and associated neuropathy and retinopathy. He has also

been diagnosed with hepatocellular carcinoma. As of July, there was no evidence of metastasis or lymph node involvement. Donnes expects to learn more about his prognosis in October. *See, e.g.*, Def. Br. in Supp. (Doc. 241) at 3; BOP Medical Records (Doc. 243-1) at 26–29; Progress Note (Doc. 254) at 3; Presentence Report ¶¶ 69–70.

Donnes' principal reason for requesting compassionate release is the sheer difficulty of maintaining his numerous prescriptions and coordinating medical appointments and tests through BOP while also maintaining his in-home medication regimen. Although these issues are logistical, they have serious implications for Donnes' health and safety. His conditions cause dizziness and confusion, which in turn interfere with his ability to understand and carry out what his doctors and BOP staff require of him. Due to unavoidable but tedious administrative issues among Donnes, his case manager, the insurance company, and the pharmacy, Donnes has at times been unable to obtain timely refills of his prescription medications. Twice he has gone as long as two weeks without necessary medication—once in June, when he had no Metformin, and once last January, when he lacked six prescription refills. *See* Br. in Supp. Ex. E (Doc. 241-5) at 1–5.

While Donnes' sister does as well as she can, his wife, Shelly, remains a

3

primary care provider. That arrangement is difficult when Donnes is in Billings and Shelly and their adult sons are in Belgrade. When Donnes originally asked BOP to place him on home confinement, he asked to be placed in Belgrade. BOP granted him home confinement but placed him in Billings. Last May, Donnes asked BOP to transfer his home confinement location from Billings to Belgrade. For reasons neither BOP nor the United States has revealed, *see, e.g.*, Resp. to Mot. (Doc. 242) at 15, 18–19, both requests for placement in Belgrade were denied. The Court cannot take unknown reasons into account in considering whether to reduce the sentence to time served.

The Court finds Donnes' need for assistance with his medical conditions is both extraordinary and compelling.

### B. Section 3553(a) Factors

Donnes has served five years and eight months of his 121-month sentence. With credit for good-conduct time, he seeks a reduction of two years and 11 months. At sentencing, his advisory guideline range was 151 to 188 months. *See* Statement of Reasons (Doc. 151) at 1 § III. He received a significant break, reflecting his remorse and a lesser degree of culpability than two of his codefendants. *See id.* at 2–3, 4 § VIII.

Donnes participated in bringing 65 pounds of methamphetamine into

4

Montana. *See* Statement of Reasons (Doc. 151) at 1 § I(B)(4). That is a very serious offense. Donnes inflicted deep and lasting damage on our community. This was not Donnes' only drug offense, *see* Presentence Report ¶¶ 48, 49, or even his only federal drug felony, *see id.* ¶ 50.[1] It was, however, his first offense in 15 years. Donnes has no history of violence, and his offense was motivated by addiction, likely affected at least to some extent by his physical decline from chronic back pain and diabetes. *See, e.g.*, Presentence Report ¶¶ 67, 69–70. His medical condition has declined steeply in a short period of time.

The Court notes that the presentence report, compiled in 2017, found that Donnes' wife Shelly "supports the defendant's rehabilitative goals and appears to be a very positive person in the defendant's life." Presentence Report ¶ 67. It is rare, and encouraging, to see a notation of this sort.

### C. Conclusion

Considering all the relevant circumstances, reducing Donnes' sentence to time served is appropriate. His medical conditions are multiple, serious, and debilitating. For that reason, early release will not denigrate the seriousness of his offense or undermine respect for the law. His conduct will continue to be

---

[1] A 1990 conviction in the District of Wyoming was dismissed on Fourth Amendment grounds. *See* Presentence Report ¶ 56.

monitored on supervised release, and he may expect to be reincarcerated if he violates the conditions of release.

Accordingly, IT IS ORDERED:

1. Donnes' motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Doc. 240) is GRANTED.

2. As of the date of this Order, Donnes' sentence is REDUCED to time served.

3. This Order is STAYED for up to 30 days.

4. The United States Probation Office must verify Donnes' residence and establish a release plan. Appropriate travel arrangements must also be made.

5. Donnes shall be released when the Probation Office is satisfied that the requirements of paragraph four are met.

6. The United States Probation Office shall review Donnes' conditions of supervised release and work with the parties to modify them as appropriate. *See* 18 U.S.C. § 3583(e)(2); Fed. R. Crim. P. 32.1(c).

DATED this 21st day of September, 2021.

Susan P. Watters
United States District Court